# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BROOKE L. MOSHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 23-cv-2384-RJD |
| | ) |
| **JENNIFER CLAYTON,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on various motions filed by both parties. For the reasons set forth below, Defendants' Motion to Opt Out of Mandatory Mediation (Doc. 67) and Motion for Extension of Time to File Response (Doc. 71) are **GRANTED**. Plaintiff's Motion to Enforce Mandatory Mediation (Doc. 68) is **DENIED**.

**Defendants' Motion to Opt Out of Mandatory Mediation (Doc. 67) and Motion to Enforce Mandatory Mediation (Doc. 71)**

Plaintiff Brooke L. Mosher filed the instant lawsuit *pro se*, seeking monetary relief against Defendants Jennifer Clayton and Jacquelyn Austin, in their individual capacities as social workers for the Illinois Department of Children and Family Services ("DCFS") for alleged constitutional violations leading to the DCFS's decisions to take Plaintiff's minor child under protective custody. (Doc. 1-3). Following the Court's preliminary review of the complaint under 28 U.S.C. §1915(e)(2)(B), Plaintiff was allowed to proceed on the following claims: Fourth Amendment claim under 42 U.S.C. § 1983 and Procedural Due Process of the Fourteenth Amendment claim under 42 U.S.C. § 1983. (Doc. 14).

Thereafter, on August 15, 2024, the Court issued an order referring this case to the Court's Mandatory Mediation Program (the "Program"). (Doc. 42). The parties were further ordered to file a Stipulation Selecting Mediator by September 3, 2024. (*Id.*). After four extensions of time, on October 28, 2024, the parties filed a Stipulation Selecting Mediator stating that Ann Shields and Warren Benning have been agreed upon as potential mediators for this action. (Doc. 56). The stipulation, however, did not conform with the requirements of the Court's Mandatory Mediation Plan, which requires that the parties select one mediator who must be contacted and agree to serve in the case. Therefore, based on its authority under the Plan, the Court appointed Warren Benning as a mediator and ordered him to enter his appearance on or before November 26, 2024. Mediator Benning failed to enter his appearance and thereafter, Defendants filed a notice advising the Court that Mediator Benning was not available to mediate this case. (Doc. 65). The Court then granted a final extension of time for the parties to file an Amended Stipulation Selecting Mediator by January 10, 2025. (Doc. 66). Instead, on January 9, Defendants filed a motion seeking to opt out of mandatory mediation because they were no longer interested in settling this matter, and therefore mediation would be a waste of the Court's time and resources. (Doc. 67). Defendants filed a cross-motion asking for the enforcement of the Court's order mandating mediation and for imposition of sanctions on Defendants for their attempt to opt out of the Program. (Doc. 68). Defendants filed a response substantially restating the arguments set forth in their motion to opt out. (Doc. 70).

The purpose of the Program is to provide a more efficient and less expensive alternative to continuing litigation without impairing the quality of justice or the right to trial. (Mandatory Mediation Plan, p. 1). The Court's Mandatory Mediation Plan provides for the automatic referral to the Program of all civil non-exempt cases. (Mandatory Mediation Plan, p. 2). The

Plan further provides a list of exempt cases, including non-prisoner pro se actions, for which referral to the Program is at the Presiding Judge's discretion. Section 2.2 of the Mediation Plan further allows parties to file a motion to opt out of mandatory mediation for "good cause." (Mandatory Mediation Plan, p. 3). Good cause does not include inconvenience, travel costs, attorney fees, or other costs. (*Id.*). While motions to opt out of the Program should be filed prior to the Rule 16 conference so that they may be addressed at the conference, the Presiding Judge may also, *sua sponte,* exempt any case from the Program. (*Id.* 3-4).

As set forth above, non-prisoner pro se cases are exempt from automatic referral to the Program due to the procedural hurdles associated with pro se litigation. Even though this pro se action is exempt from the automatic referral, the Presiding Judge at that time considered it appropriate to refer the case to the Program. (Doc. 42). However, more than six months have passed since the Court's referral, and the parties' inability to select a mediator and submit a proper stipulation has made it clear that this case is not a proper fit for the Program. Instead of facilitating a more efficient and less expensive alternative resolution of this dispute, the referral has caused unnecessary delays and waste of the parties' time and resources. Accordingly, the Court **FINDS** there is good cause to allow Defendants to opt-out of the Court's Mandatory Mediation Program. Defendants' Motion to Opt Out of Mandatory Mediation (Doc. 67) is, therefore, **GRANTED,** and Plaintiff's Motion to Enforce Mandatory Mediation (Doc. 71) is **DENIED**. The parties are **EXCUSED** from participation in the Mandatory Mediation Program, and no further compliance with the mandatory mediation deadlines is required.

**Plaintiff's Order for Declaratory and Injunctive Relief (Doc. 69) and Defendants' Motion for Extension of Time the Reply (Doc. 71)**

Also pending before the Court is Plaintiff's Motion for Declaratory and Injunctive Relief (Doc. 69), which was filed on January 13, 2025. Defendants' response to the motion was

originally due on January 27, 2025. On that day, Defendants filed a motion asking for a 21-day extension of time, up to and including February 17, 2025, to respond to Plaintiff's motion due to their counsel's heavy workload. For good cause shown, Defendants' Motion for Extension (Doc. 71) is GRANTED. Defendants' response to Plaintiff's Order for Declaratory and Injunctive Relief (Doc. 69) is due by February 17, 2025.

**IT IS SO ORDERED.**

**DATED: January 31, 2025**

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**