IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ILLINOIS

| | |
|---|---|
| **BROOKE L. MOSHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 23-cv-2384-RJD |
| | ) |
| **JENNIFER CLAYTON,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

**DALY, Magistrate Judge:**

Plaintiff Brooke L. Mosher filed the instant lawsuit pro se under 42 U.S.C. § 1983, seeking monetary relief against Defendants Jennifer Clayton and Jacquelyn Austin, in their individual capacities as social workers for the Illinois Department of Children and Family Services ("DCFS") for removing Plaintiff's son, C.J. from his home and parents and eventually placing him under DCFS's protective custody. Following the threshold review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff was allowed to proceed on the following claims:

Claim 1:   Fourth Amendment Claim for unlawful seizure against Defendants Austin and Clayton, in their individual capacities, for removing Plaintiff's minor son from his home and parents and taking him into someone else's custody;

Claim 2:   Fourth Amendment Claim against Defendants Austin and Clayton, in their individual capacities, for continuing withholding of Plaintiff's son C.J. after Plaintiff had a completely negative drug test in October 2022;

Claim 3:   Fourteenth Amendment procedural due process claim against Defendants Austin and Clayton, in their individual capacities, for repeatedly failing to listen to Plaintiff's admonitions regarding her son, falsely reporting that Plaintiff was no longer interested in adhering to the Safety Plan and for allowing the hearing regarding C.J.'s custody to go forward while Plaintiff was in custody.

(Doc. 14).

This matter comes before the Court on various motions filed by both parties. For the reasons set forth below, Plaintiff's Motion for Declaratory and Injunctive Relief (Doc. 69) and Motion to Appoint Counsel are **DENIED**. Defendants' Motion to Stay Discovery Deadline (Doc. 77) and Motion to Stay Dispositive Motion Deadline (Doc. 79) are **GRANTED in part and DENIED in part**.

**Plaintiff's Motion for Declaratory and Injunctive Relief (Doc. 69)**

Plaintiff asks the Court to issue declaratory and injunctive relief based on the findings of Judge Yandle's Memorandum and Order (Doc. 14). (Doc. 69). Plaintiff reads that Memorandum and Order as making findings of an unlawful seizure and continuing withholding of her minor son without due process. She asks the Court to declare that the seizure of her minor son was unlawful, to order the DCFS to immediately return C.J. to Plaintiff's custody, and to halt all adoption proceedings. She urges the Court to issue a ruling on her motion due to her recent termination of her parental rights on October 12, 2024, and the ongoing adoption proceedings. (Doc. 69, p. 1).

*Preliminary Injunction*

A preliminary injunction is "an exercise of a very far-reaching power" that should only be reserved for cases "clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (internal citation and quotation marks omitted). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). The party seeking a preliminary injunction must clearly show the following: (1) some likelihood of success on the merits; (2) likelihood to suffer irreparable harm absent the injunction; (3) "that the balance of equities tips" the favor of the

moving party; and (4) that an injunction is in the public interest. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346, 144 S. Ct. 1570, 1576, 219 L. Ed. 2d 99 (2024) (citation omitted).

Regarding the first prong of the test, while the moving party is not required to show a likelihood of success on the merits by a preponderance of the evidence, a mere showing of "greater than negligible" chances to prevail on the merits is also insufficient. *K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 614 (7th Cir. 2024); *Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020). The moving party must demonstrate "how [it] proposes to prove the key elements of its case." *K.C.*, 121 F.4th at 614. Unlike with a motion to dismiss or a motion for summary judgment, in assessing the need for issuing a preliminary injunction, the court does not accept as true the allegations of the complaint, and it does not give the plaintiff the benefit of reasonable inferences or conflicting evidence. *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791–92 (7th Cir. 2022). Rather, the Court "approache[s] the record from a neutral and objective viewpoint, assessing the merits as . . . they are likely to be decided after more complete discovery and litigation." *Id.* The strong showing of a likelihood to succeed on the merits "'is often decisive'" of the preliminary injunction inquiry. *Doe*, 43 F.4th at 791 (quoting *Braam v. Carr*, 37 F.4th 1269, 1272 (7th Cir. 2022)).

Here, the Court notes that Plaintiff seeks a preliminary injunction against DCFS, which is not a party in this dispute. (Doc. 3, p. 2). Rather, the Complaint only lists as defendants Defendants Clayton and Austin in their individual capacities.[1] Further, DCFS is a state agency and is immune from § 1983 suits under the Eleventh Amendment. *See Ryan v. Illinois Dep't of Child. & Fam. Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Plaintiff could potentially move for

---

[1] Plaintiff names the State of Illinois as a Defendant in the caption of the Complaint, but she does not include the State in the section listing the defendants. In any case, any claim against the State of Illinois would be barred under the Eleventh Amendment.

leave to amend the Complaint to bring a claim for prospective injunctive relief against the acting director of the DCFS in her official capacity, but she has not done so thus far. Accordingly, the Court cannot issue a preliminary injunction as Plaintiff requests.

Even assuming Plaintiff had asserted a claim for injunctive relief against the acting director of the DCFS, Plaintiff has failed to demonstrate some likelihood of prevailing on the merits. Plaintiff does not analyze any of the elements required to prevail on her motion. She makes a conclusory statement that C.J.'s removal from her custody was based on false reports and allegations from unknown individuals, but she does not make a proffer to that effect. She sets forth a list of "Supporting Evidence," including this Court's Memorandum and Order (Doc. 14), a document she describes as "Termination of parental rights" dated October 12, 2024, and "Any additional relevant documents." (Doc. 69, pp. 1-2). However, she does not attach to her motion any of those documents and does not explain how they demonstrate a likelihood to succeed on the merits or otherwise support her request for a preliminary injunction.

Plaintiff appears to predominantly rely on a misreading of the Court's Memorandum and Order, which found that the claims alleged in the Complaint were plausible on their face and survived the threshold review under 28 U.S.C. § 1915(e)(2)(B). (Doc. 14). However, the Seventh Circuit has clarified that the preliminary injunction standard is stricter than the one to defeat a motion to dismiss for failure to state a claim or even a motion for summary judgment. *See Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791–92 (7th Cir. 2022) (citing *Alarm Detection Systems, Inc. v. Village of Schaumburg*, 930 F.3d 812, 823 (7th Cir. 2019) (plaintiffs pled a "plausible" claim "because of the favorable inferences we afford[ed] to them under a Rule 12(b)(6) analysis," but plaintiffs had not "*demonstrated* a likelihood of success on the merits"); *see also In re Federal Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 134 (D.C.

Cir. 2020) (preliminary injunction inquiry is a "decidedly far more searching inquiry" than motion to dismiss)). Plaintiff's allegations in the Complaint were sufficient to state a plausible claim for relief under Section 1983 but fall short of making a strong showing of a likelihood to succeed on the merits. Because Plaintiff fails to satisfy the first prong of the preliminary injunction inquiry, her request is **DENIED**.

*Declaratory Relief*

Plaintiff also requests a declaration that the seizure of C.J. was unlawful. Under Federal Rule of Civil Procedure 57, a court "*may* order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57 (emphasis added). The Court first notes that in the Complaint, Plaintiff does not specifically ask for declaratory relief. (Doc. 3, p. 5; Doc. 3-2, pp. 113-17). Rather, she asks the Court for any appropriate relief to address the alleged violations of her constitutional rights. (Doc. 3-2, p. 115); *See Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2010 WL 152074, at *1 (N.D. Ind. Jan. 14, 2010) (denying motion for declaratory relief in part because plaintiff did not include demand for declaratory relief in pleadings).

Even assuming that Plaintiff had made a specific request for declaratory relief, here, discovery is still pending, Plaintiff appears to have failed to attend her own deposition twice, and Defendants have indicated their intention to file a dispositive motion.[2] While the Court acknowledges Plaintiff's urgency due to the termination of her parental rights and the ongoing adoption proceedings, under these circumstances, the Court does not find it appropriate to hold a speedy hearing on Plaintiff's request for declaratory relief. *See Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14CV06 RLM-SLC, 2015 WL 6134466, at *1 (N.D. Ind. Oct. 19, 2015)

---

[2] Per the Court's Scheduling and Discovery Order, discovery was to be completed by March 23, 2025. However, Defendants filed a motion to stay discovery due to Plaintiff's failure to attend her deposition twice. (Doc. 77), which the Court addresses later in this Order.

(noting that "the 'speedy hearing' provision of Rule 57 is not a shortcut to skip discovery and dispositive motions by proceeding straight to the functional equivalent of a trial."). Accordingly, Plaintiff's motion for declaratory relief is **DENIED**.

**Motion to Appoint Counsel (Doc. 75)**

Plaintiff filed a motion seeking recruitment of Counsel (Doc. 75). Litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court considers (1) whether the indigent litigant has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the litigant's capacity as a layperson to coherently present it. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt,* 503 F.3d at 655).

Plaintiff's first motion for recruitment of counsel was denied due to Plaintiff's failure to provide any documentation demonstrating reasonable attempts to obtain counsel on her own. (Doc. 14, pp. 8-9). In her renewed motion, Plaintiff alleges that she has made reasonable attempts to obtain counsel on her own, but again fails to provide any documentation of those attempts. Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 75) is **DENIED**. If Plaintiff chooses to renew her request, she should submit rejection letters from at least three attorneys to demonstrate that she has made reasonable efforts to obtain counsel on her own.

**Defendants' Motion to Stay Discovery Deadline (Doc. 77) and Motion to Stay Dispositive Motions Deadline (Doc. 79)**

Per the Court's Scheduling and Discovery Order, discovery was to be completed by March 23, 2025. (Doc. 42). On March 21, 2025, Defendants filed a motion to stay the discovery deadline pending the filing of a motion to dismiss the Complaint due to Plaintiff's failure to

attend her deposition twice. (Doc. 77). Defendants represent that Plaintiff was first subpoenaed for her deposition on February 28, 2025, but, on that date, Plaintiff postponed the start time, then the entire deposition, indicating she was in the process of seeking counsel to represent her. Defendants agreed to take the Plaintiff's deposition at a later date and eventually scheduled it for March 21, 2025, after Plaintiff had not obtained counsel. On March 21, 2025, Plaintiff again failed to appear for her deposition, instead sending counsel an email indicating she had put the wrong date in her calendar and was at a doctor's office with a sore throat.

Plaintiff responded on March 24, 2025. (Doc. 78) She did not deny that she had not attended her deposition twice. (*Id.*). She stated, however, that her failure to attend the second deposition was due to "medical obstacles." (*Id.*). She asked that the Defendants' motion be denied and that discovery be continued. Plaintiff did not state in her response whether she has conducted any discovery thus far or whether she intends to do so in the future. Plaintiff has not moved for an extension of the discovery deadline, and per the Court's Scheduling and Discovery Order, on the day of Plaintiff's response to Defendants' motion, any discovery should have already been completed. Accordingly, denial of Defendants' motion to stay the discovery deadline would not satisfy Plaintiff's request for allowing discovery to be continued.

Further, on April 21, 2025, Defendants filed a Motion to Stay the Dispositive Motion Deadline (Doc. 79). Per the Scheduling and Discovery Order, any dispositive motions were due by April 22, 2025. (Doc. 42). Defendants represent that they subpoenaed Plaintiff for the fourth time to appear for her deposition on April 29, 2025. They represent that Plaintiff's deposition is essential for the preparation of any dispositive motion and ask that the relevant deadline be stayed while Plaintiff's deposition is pending. Plaintiff has not yet filed a response to Defendants' latest motion.

Based on the information before it, the Court finds it appropriate that Defendants' Motion to Stay Discovery Deadline (Doc. 77) and Motion to Stay Dispositive Motion Deadline (Doc. 79) be **GRANTED in part and DENIED in part**.  The Scheduling and Discovery Order is **AMENDED** as follows: Discovery to be completed by **May 29, 2025**; Dispositive Motions to be filed by **June 30, 2025**.  The Final Pretrial Conference and Jury Trial are **VACATED** and will be reset in a separate order.  Plaintiff is **WARNED** that failure to attend a properly noticed deposition may result in the imposition of sanctions under Federal Rule of Civil Procedure 37(d), including dismissal of this lawsuit.  The Court will not further extend the discovery deadline to accommodate Plaintiff's retention of counsel.

## Conclusion

For these reasons, Plaintiff's Motion for Declaratory and Injunctive Relief (Doc. 69) and Motion to Appoint Counsel (Doc. 75) are **DENIED**.  Defendants' Motion to Stay Discovery Deadline (Doc. 77) and Motion to Stay Dispositive Motion Deadline (Doc. 79) are **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

**DATED: April 25, 2025**

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**