IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ILLINOIS

| | |
|---|---|
| **BROOKE L. MOSHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 23-cv-2384-RJD |
| | ) |
| **JENNIFER CLAYTON,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**DALY, Magistrate Judge:[1]**

This matter comes before the Court on Defendants' Motion for Extension of Time to Complete Discovery (Doc. 85).

On April 25, 2025, this Court amended its Scheduling and Discovery Order and reset the discovery and dispositive motions deadlines to May 29, 2025, and June 30, 2025, respectively. (Doc. 80, p. 8). The Court further vacated the trial setting of August 4, 2025, because it was incompatible with the Local Rules requiring that any dispositive motions should be filed at least 100 days in advance of the trial date. (*Id.*; LR-SDIL Rule 7.1(b)(1)(C)). On May 13, 2025, Plaintiff filed a Motion for Summary Judgment. (Doc. 82). On May 28, 2025, the Court granted Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment and allowed Defendants to file their response by June 17, 2025, to align the briefing with the dispositive motions deadline. (Doc. 84).

On May 29, 2025, the last day of the discovery cut-off, Defendants filed a motion

---

[1] This matter has been assigned to the undersigned through the parties' consent to conduct all proceedings, including trial and final entry of judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 33)

seeking a 22-day extension of time, up to June 20, 2025, to complete fact discovery. (Doc. 85). Defendants stated that they wished "to disclose potential witnesses and certain documents," but they needed additional time to file a motion for protective and confidentiality order because the evidence pertains to a minor child. (Doc. 85). Plaintiff filed an objection to Defendants' motion for extension of discovery. (Doc. 86). Plaintiff argued that extending the discovery beyond June 17, 2025, which is the extended deadline for Defendants' response to Plaintiff's motion for summary judgment, would be prejudicial because they would "alter summary judgment arguments." (Doc. 86, p. 3). She further averred that it would be incompatible with this Court's precedent that "routinely bars late disclosure after dispositive deadlines." (*Id.*). She asked that Defendant's motion for extension of discovery be denied, or alternatively, that any witnesses or discovery disclosed after June 17, 2025, not be considered in the summary judgment proceeding. (*Id.*).

Pursuant to Rule 26, a party is required to "provide to the other parties and promptly file" the following:

> **(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;
>
> **(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
>
> **(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

Fed. R. Civ. P. 26(a)(3)(A).

The pretrial disclosures "must be made at least 30 days before trial," unless the court orders otherwise. Fed. R. Civ. P. 26(a)(3)(B). The opposing party may object to those pre-trial

disclosures within 14 days after they are made, or within another timeframe set by the court, by serving and promptly filing "a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii)." *Id.*

Here, Defendants request an extension of the discovery deadline to disclose certain witnesses and documents, and to allow them sufficient time to obtain protective orders regarding the same. First, the Court clarifies that, under Rule 26, any disclosure of lay witnesses, as well as the identification of documents that a party expects to offer into evidence at trial, is not subject to the discovery cut-off. Fed. R. Civ. P. 26(a)(3)(A). Because the trial date has been vacated and not been reset pending the resolution of dispositive motions, Defendants are not time-barred at this time from disclosing potential witnesses and documents. Further, there is no indication that those documents or witnesses are to be produced in response to any pending discovery request propounded to Defendants, for which an extension of the discovery cut-off would be required. Accordingly, it is unclear to the Court why Defendants need to obtain an extension of the discovery cut-off.

At the same time, the Court clarifies that it is unaware of any precedent that would "bar late disclosures" of lay witnesses after the dispositive motions deadline, as Plaintiff argues. The plaintiff includes in her objection purported citations to relevant case law from this district; however, the cited case law does not exist. Even if such case law did exist, Defendants request an extension of time up to June 20, 2025, and the dispositive motions cutoff is on June 29, 2025. The deadline for Defendants' response to Plaintiff's motion for summary judgment is irrelevant to Defendants' duty to disclose witness and other evidence to be used at trial. It is also unclear

to the Court how allowing Defendants to disclose witnesses and other evidence that they will use at trial "would disrupt summary judgment adjudication," as Plaintiff argues. At the summary judgment stage, the Court does not hold an evidentiary hearing, does not hear witnesses, and does not resolve any factual disputes, which are reserved for the trier of fact.

Based on the above analysis, the Court finds that the Defendants' Motion for Extension of Time to Complete Discovery should be denied as moot. Defendants, however, may renew their motion by June 13, 2025, and set forth specific arguments as to why extension of discovery is necessary in this case.

## Conclusion

For these reasons, Defendants' Motion for Extension of Time to Complete Discovery is DENIED as moot. Defendants may renew their motion by June 13, 2025, and provide specific arguments as to why extension of discovery is necessary in this case.

**IT IS SO ORDERED.**

**DATED: June 9, 2025**

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**