# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BROOKE L. MOSHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 23-cv-2384-RJD** |
| | ) | |
| **JENNIFER CLAYTON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on the parties' various motions. For the reasons set forth below, the Defendants' Motion for Extension of Time to File Response/Reply as to 92 Notice (Other), 93 Response in Opposition to Motion, 94 Supplement (Doc. 95) is **GRANTED**. Plaintiff's Motion for Summary Judgment (Doc. 82), Plaintiff's Motion to Compel Discovery (Doc. 97), Defendants' Motion for Leave to File Exhibits Under Seal (Doc. 100), Defendants' Third Motion for Extension of Time to File Response/ Reply as to [82] Motion for Summary Judgment (Doc. 105), Plaintiff's Motion to Clarify Scope of Claims (Doc. 109), Plaintiff's Motion to Quash and Limit Discovery (Doc. 110), Plaintiff's Motion for Summary Judgment or, in the Alternative, Default Judgment (Doc. 112), and Plaintiff's Motion for Clerk's Entry of Default (Doc. 120) are **DENIED**.[2]

---

[1] This matter has been assigned to the undersigned through the parties' consent to conduct all proceedings, including trial and final entry of judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 33.
[2] The Court notes that the Plaintiff has also filed a Notice of Constitutional Objection (Doc. 92) and an Emergency Motion to Stay Adoption Proceedings and Preserve Federal Claims (Doc. 96). The Court will address those filings in a separate order.

*Plaintiff's Motion for Summary Judgment (Doc. 82)*

On May 13, 2025, Plaintiff filed a motion for summary judgment, which she supplemented on June 24, 2025.  Docs. 82 & 94.  Under Local Rule 56.1, memorandums in support of a "motion for summary judgment must contain a Statement of Material Facts, which sets forth each relevant, material fact in a separately numbered paragraph . . . . Each paragraph must contain specific citation(s) to the record, including page number(s)."  SDIL-LR 56.1(a); *see also* Fed. R. Civ. Pro. 56(c) (requiring that assertions of undisputed facts in a motion for summary judgment must be supported by citation "to particular parts of materials in the record.").  "The Court may strike any motion or response that does not comply with this Local Rule."  SDIL-LR 56.1(b).  Local Rule 56.1 "applies equally to represented and *pro* se parties."  SDIL-LR 56.1(j).  Here, Plaintiff's motion and its supplement do not comply with Local Rule 56.1 as the factual allegations lack proper citation to the record.  Docs. 82, pp. 1-2;  Doc. 94, p. 1.  Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 82) is **DENIED without prejudice**.  Plaintiff is **GRANTED** leave to renew her motion for summary judgment by **October 17, 2025**, provided that the renewed motion complies with the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.1.  The Court further notes that Plaintiff has failed to respond to Defendants' Motion for Summary Judgment that was filed on August 25, 2025.  Doc. 121.  Plaintiff's response was due by September 24, 2025.  The Court assumes that Plaintiff did not timely file a response due to the pendency of the Court's ruling on her dispositive motions.  Accordingly, the Court finds it appropriate to sua sponte extend Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment (Doc. 121) to **October 17, 2025**.

*Defendants' Motion for Leave to File Exhibits under Seal (Doc. 100) and Third Motion for Extension of Time to File Response/ Reply as to [82] Motion for Summary Judgment (Doc. 105)*

Defendants moved to file under seal two exhibits in support of their response to Plaintiff's Motion for Summary Judgment.  Doc. 100.  They also moved for a third extension of time to respond to Plaintiff's motion for summary judgment.  Doc. 105.  Because Plaintiff's motion for summary judgment is denied without prejudice as being procedurally deficient, Defendants' motions are **DENIED as moot**.

*Plaintiff's Motion for Summary Judgment or, in the Alternative, Default Judgment (Doc. 112)*

Plaintiff's "Motion for Summary Judgment or, in the Alternative, Default Judgment" (Doc. 112) must also be denied.  Plaintiff first argues that she is entitled to summary judgment under Rule 56(e) because Defendants failed to timely respond to her Motion for Summary Judgment (Doc. 82).  As explained above, however, Plaintiff cannot prevail on her motion for summary judgment because she did not support her factual allegations with proper citation to the record.  Accordingly, Plaintiff's Motion for Summary Judgment or, in the Alternative, Default Judgment (Doc. 112) is **DENIED**.

*Plaintiff's Motion for Entry of Clerk's Default under Rule 55(a) (Doc. 120)*

On August 21, 2025, Plaintiff filed a motion titled Motion for Entry of Clerk's Default under Rule 55(a) (Doc. 120).  She seeks the entry of default under Rule 55(a) for Defendants' alleged failure to timely respond to her "Motion for Summary Judgment, or in the Alternative, Default Judgment," which she allegedly filed on July 1, 2025.  Doc. 120, p. 1.  As Defendants correctly point out in their response, Plaintiff did not file any motion on July 1, 2025.  Doc. 126, pp. 1-2.  Plaintiff filed her "Motion for Summary Judgment, or in the Alternative, Default Judgment," on August 6, 2025.  Doc. 112.  Defendants' response was not due until September 5, 2025, 15 days after Plaintiff's motion for entry of default was filed.  *See* SDIL-LR 7.1(b)(1)(A)

(adverse parties have 30 days after service of a dispositive motion to file a response).

To the extent Plaintiff is referring to Defendants' response to her prior Motion for Summary Judgment (Doc. 82), filed on May 13, 2025, entry of default is inappropriate. Under the Federal Rules, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "[T]he district court is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (*citing Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138 (7th Cir. 1987)).

Here, Defendants answered Plaintiff's Complaint within the timeframe set by the Court. *See* Docs. 39, 41. Further, since answering the Complaint, Defendants have diligently defended this case by participating in status conferences, responding to Plaintiff's motions, conducting discovery, and filing numerous motions. *See e.g.*, Docs. 43, 65, 74, 76, 83, 88, 95-106, 111, 113-119. Accordingly, this is not a case where Defendants have exhibited a willful refusal to litigate the case properly. Contrary to Plaintiff's contention, entry of default under Rule 55(a) is not a mechanism for obtaining judgment against a party who has answered the complaint but otherwise failed to timely respond to a dispositive motion. Even if that were the case, however, Defendants filed their response on August 8, 2025, within the deadline set by the Court. Doc. 91, p. 4; Doc. 113.[3] Not only did Defendants comply with the timeframe the Court entered within the body of the Order, but they also promptly moved for another extension of time on July 25, 2025, to avoid

---

[3] On June 18, 2025, the Court amended the scheduling order and extended the deadline for Defendants' response to Plaintiff's Motion for Summary Judgment and for the filing of dispositive motions through August 25, 2025. Doc. 91, p. 4. In the accompanying docket text entry, it was inadvertently stated that Plaintiff's response was due by July 25, 2025. Doc. 91. The Court clarifies that the correct deadline for the filing of Plaintiff's response was August 25, 2025, as stated within the body of the June 18, 2025, Order.

the possibility of any adverse consequences.  Therefore, Plaintiff's Motion for Clerk's Entry of

Default (Doc. 120) is **DENIED**.

*Defendants' Motion for Extension of Time to File Response/Reply as to 92 Notice (Other), 93
Response in Opposition to Motion, 94 Supplement (Doc. 95)*

Defendants requested an extension of time, up to and including July 21, 2025, to file the

following documents: Response to Plaintiff's Notice of Constitutional Objection to Order (Doc.

92), Reply to Plaintiff's Response in Opposition to Defendants' Motion for Protective Order

(Doc. 93), and Response to Plaintiff's Supplement to her Motion for Summary Judgment Doc.

94.  Doc. 95.  Defendants explained that the extension of time was needed due to the defense

counsel's heavy workload.  Defendants proceeded with filing those documents on July 21, 2025.

Docs. 98, 99 & 102.  For good cause shown, Defendants' motion is **GRANTED**.  The Court will

consider those documents in ruling on the related motions.

*Plaintiff's Motion to Compel Discovery (Doc. 97)*

On July 18, 2025, Plaintiff filed a Motion to Compel Discovery.  Doc. 97.  Plaintiff alleges

that Defendants have failed to respond to written discovery requests she propounded to them on

June 28, 2025.  *Id.*  She also alleges that Defendants have failed to produce their Rule 26(a)(1)

disclosures or provide an estimated production day and justification for the delay.  *Id.*  She asks

that Defendants be ordered to produce their Rule 26(a)(1) disclosures and responses by the

discovery cut-off of July 25, 2025.  Defendants countered that the motion has been rendered

moot because they mailed their initial disclosures to Plaintiff on July 17, 2025.  Doc. 106.

Defendants did not address the alleged failure to respond to Plaintiff's written discovery.  Doc.

106.

As to Defendants' response to Plaintiff's written discovery requests, Plaintiff's motion

fails on two grounds.  First, Plaintiff has not attached the discovery requests at issue to her

motion, as required by local rules. SDIL-LR 26.1(c)(4) ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 shall have attached to it or the accompanying memorandum a copy of the actual discovery documents that are the subject of the motion or, in the alternative, set out in the memorandum a verbatim recitation of each interrogatory, request, answer, response, and/or objection that is the subject of the motion."). Second, a party's response to written discovery is due within 30 days from the date of service. Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). Here, Plaintiff states that she propounded her discovery requests on June 28, 2025. Doc. 97. Therefore, Defendants' response was not due until July 28, 2025, three days after the discovery cut-off. Because Plaintiff failed to send out her discovery requests more than 30 days prior to the discovery cut-off or seek an extension of the discovery cut-off, her written discovery requests are untimely.

Turning to Defendants' initial disclosures, however, Plaintiff's motion has merit. Initial disclosures are generally due 14 days after the parties' Rule 26(f) conference unless the court orders a different day or the parties stipulate otherwise. Fed. R. Civ. P. 26(a)(1)(C). Here, the initial conference was held on August 2, 2024, but Defendants did not serve their initial disclosures until July 17, 2025, a few days before the discovery cut-off. Doc. 42-1, p. 1. Under Rule 37, a party may move to compel disclosure and for appropriate sanctions if another party fails to make their Rule 26(a) initial disclosures. Fed. R. Civ. P. 37(a)(3)(A).

In her motion, Plaintiff asks that Defendants be ordered to produce their Rule 26(a) disclosures by July 25, 2025. Because Defendants mailed their initial disclosures on July 17, 2025, a day prior to the filing of Plaintiff's motions, this request has been rendered moot. Plaintiff further asks that she be allowed "to supplement briefing after production." Doc. 97. While this request sounds reasonable, Plaintiff does not specify what briefing she needs to

supplement due to Defendants' failure to provide their initial disclosures on time.  Therefore, the Court cannot grant the requested relief.  Plaintiff may renew her request for supplemental briefing by October 17, 2025, provided that she specifies the documents she needs to supplement.  Finally, Plaintiff asks that the Court grant relief under Fed. R. Civ. P. 37(a)(5), which directs the courts to award the moving party reasonable expenses incurred in making the motion to compel, including attorney's fees, if the motion to compel is granted.  Fed. R. Civ. P. 37(a)(5).  However, Rule 37 makes clear that the "court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.  *Id.*

It is not clear from Plaintiff's motion whether she made a good faith attempt to obtain the disclosure or discovery before filing her motion to compel.  Further, Plaintiff's motion to compel does not comply with Local Rule 26.1, which provides that this Court shall refuse to hear a motion to compel under Rule 37 unless it "includes a certification that:  (1) after consultation in person or by telephone or videoconference and good faith attempts to resolve differences, they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's."  SDIL-LR 26.1(c)(4).  Because Plaintiff has not complied with local rules and has not shown that she made a good faith attempt to obtain disclosure prior to filing her motion, her request for sanctions under Rule 37(a)(5) is **DENIED**.

*Plaintiff's Motion to Clarify Scope of Claims (Doc. 109) and Motion to Quash and Limit Discovery (Doc. 110)*

On July 31, 2025, Plaintiff filed a motion asking the Court to clarify "that this lawsuit is limited to constitutional and procedural claims under federal law and instruct Defendants to tailor all future filings and discovery requests accordingly."  Doc. 109, p. 2.  Plaintiff also filed

a motion asking the Court to quash or limit discovery requests and exhibit filings on the same grounds. Doc. 110. Plaintiff does not specifically point to the discovery requests or exhibits at issue, nor does she attach them to her motion. *Id.* She merely states that Defendants have introduced and sought to seal documents of a sealed juvenile proceeding, which are irrelevant to her narrowly pled civil rights claims. *Id.*

First, to the extent Plaintiff purports to limit discovery in this case, her motion fails because she does not attach the discovery documents at issue. SDIL-LR 26.1(c)(4). In any case, any request to limit future discovery requests is moot because discovery in this case closed on July 25, 2025. Doc. 91.

Plaintiff's request to block Defendants from introducing the sealed juvenile proceeding as exhibits to their filings also fails. Plaintiff broadly argues that those documents are irrelevant to this case because she does not seek to challenge the merits of past juvenile neglect allegations or medical decisions. Relevancy in the context of discovery is broad and encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Here, Plaintiff proceeds on two claims under Section 1983: (a) a Fourth Amendment claim of unreasonable seizure for the alleged initial removal of her minor child, C.S., with no indicia of abuse or potential immediate threat of abuse and for allegedly continuing withholding C.S. despite Plaintiff having a completely negative drug test in October 2022; and (b) a Fourteenth Amendment procedural due process claim against Defendants for depriving her of her parental rights without listening to her admonitions regarding C.S. and by falsely reporting that Plaintiff was no longer interested in adhering to the Safety Plan to regain C.S.'s custody. Doc. 14, p. 7. Defendants have asked permission to file

under seal the following documents relating to C.S.: (a) DCFS Investigation 2513105B, and (b)

Records of the proceedings in *In the interest of C.S., minor*, 2022 JA 000145 (Circuit Court of

the Third Judicial Circuit, Madison County, Illinois).  Docs. 100, 101, 103 & 104.  Both

documents are relevant to Plaintiff's claims.  DCFS Investigation 2513105B tends to show

whether there was probable cause or reasonable suspicion for C.S.'s original seizure and

continuing withholding.  *See Siliven v. Ind. Dep't of Child Servs.,* 635 F.3d 921, 925 (7th Cir.

2011) ( "In the context of removing a child from his home and family, a seizure is reasonable if

it is pursuant to a court order, if it is supported by probable cause, or if it is justified by exigent

circumstances, meaning that state officers 'have reason to believe that life or limb is in

immediate jeopardy.'").  Likewise, the records of the proceedings in *In the interest of C.S.,

minor*, 2022 JA 000145 (Circuit Court of the Third Judicial Circuit, Madison County, Illinois)

tend to show the due process Plaintiff was afforded before being stripped of her parental rights.

*See Brokaw v. Mercer County*, 235 F.3d 1000, 1020 (7th Cir. 2000) (noting that due process in

the context of parental rights "requires that government officials not misrepresent the facts in

order to obtain the removal of a child from his parents").  Accordingly, Plaintiff's challenge on

grounds of relevancy lacks merit.

Plaintiff further argues that those documents may cause unfair prejudice and confusion,

citing Federal Rule of Evidence 403.  Doc. 110, p. 1.  While Federal Rules of Evidence do not

apply in discovery, they control what documents the Court may consider at the motion for

summary judgment stage.  *See Stinnett v. Iron Works Gym/Exec. Health Spa, Inc.*, 301 F.3d 610,

613 (7th Cir. 2002) ("In granting summary judgment, the court may consider any evidence that

would be admissible at trial . . . The evidence need not be admissible in form (for example,

affidavits are not normally admissible at trial), but it must be admissible in content.").  Here,

Plaintiff seeks to bar Defendants from introducing certain exhibits to their filings with the Court,
including Defendants' response to Plaintiff's motion for summary judgment and Defendants'
own motion for summary judgment.    Accordingly, the Court must determine whether
Defendants should be barred from introducing those exhibits at the motion for summary
judgment stage under Federal Rule of Evidence 403.

Under Rule 403, the "court may exclude relevant evidence if its probative value is
substantially outweighed" by the danger of unfair prejudice or issue confusion.  Fed. R. Evid.
403.    The Court recognizes that the DCFS's investigative report and the state judicial
proceedings at issue may contain information that is potentially prejudicial to Plaintiff or could
result in issue confusion.  However, Plaintiff's broad and conclusory statements that the entire
documents are unfairly prejudicial and confusing are insufficient to satisfy the standards of Rule
403.  What further undermines Plaintiff's motion is that she has attached and incorporated
substantial portions of those documents into the Complaint. *See, e.g.,*  Doc. 3-1, pp. 1-4, 16-22,
46-51, 99-102, 103.    Thus, Plaintiff has failed to show that the probative value of those
documents is substantially outweighed by the danger of unfair prejudice or issue confusion.

Accordingly, Plaintiff's Motion to Clarify Scope of Claims and Motion to Quash and
Limit Discovery (Docs. 109 & 110) are **DENIED**.

### Conclusion

For these reasons, Defendants' Motion for Extension of Time to File Response/Reply as
to 92 Notice (Other), 93 Response in Opposition to Motion, 94 Supplement (Doc. 95) is
**GRANTED**.    Plaintiff's Motion for Summary Judgment (Doc. 82) is **DENIED without
prejudice**.  Plaintiff is **GRANTED** leave to renew her motion for summary judgment by **October
17, 2025**, provided that the renewed motion complies with the requirements of Federal Rule of

Civil Procedure 56 and Local Rule 56.1.  Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment (Doc. 121) is also extended to **October 17, 2025**.

Plaintiff's Motion to Compel Discovery (Doc. 97), Defendants' Motion for Leave to File Exhibits Under Seal (Doc. 100), Defendants' Third Motion for Extension of Time to File Response/ Reply as to [82] Motion for Summary Judgment (Doc. 105), Plaintiff's Motion to Clarify Scope of Claims (Doc. 109), Plaintiff's Motion to Quash and Limit Discovery (Doc. 110), Plaintiff's Motion for Summary Judgment or, in the Alternative, Default Judgment (Doc. 112), and Plaintiff's Motion for Clerk's Entry of Default (Doc. 120) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 3, 2025**

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**