23238423IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BROOKE L. MOSHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 23-cv-02384-RJD |
| | ) | |
| STATE OF ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Protective Order (Entry) Pursuant to HIPAA Confidentiality Order (Doc. 88).  As explained in Order (Doc. 127), the motion is GRANTED in part and DENIED in part.   The Court finds that good cause exists for the entry of a Qualified Protective Order pursuant to HIPAA to prevent the unauthorized disclosure and to direct the use of protected health information ("PHI") during the course of this litigation. However, the Court finds it necessary to modify the proposed protective order for the reasons explained in its prior Order (Doc. 127) and to reflect that it is not stipulated by the parties.

In accordance with the foregoing, the following is **ORDERED**:

A.     Documents and other materials that will be disclosed in discovery in this matter contain information that may implicate issues of privacy and confidentiality and/or that are protected from disclosure by the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002), necessitating the entry of this protective order.

B.     The following words and terms are defined for purposes of this Qualified Protective Order:

    1.     "Parties" shall mean Plaintiff, Defendants, any additional party that this Court may subsequently recognize as subject to this Qualified Protective Order, and their attorneys.

2.     "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

3.     "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information.  *See* 45 C.F.R. §§ 160 & 164 (2000).

4.     "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards.  "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

C.     This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI.

D.     The Parties are subject to the following provisions:

1.     The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of Parties, Third-Parties and non-Parties to or from other Parties, Third-Parties and non-Parties.

2.     The Parties shall assist each other in the release of PHI by waiving all notice requirements that would otherwise be necessary.

3.     The Parties may seek or agree to the release of PHI for the Plaintiff from the covered entity or entities identified in interrogatory answers, in disclosures, in supplementary disclosures, documents otherwise produced in depositions, or in information obtained in the course of this litigation, so long as the PHI is not protected from disclosure under applicable rules.

4.     The Parties will not use or disclose the PHI released in this proceeding for any other purpose or in any other proceeding.

5.     The Parties will store all PHI while it is in their possession according to the Privacy Standards.

6.     The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards.

7.     Before disclosing PHI documents to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court

2

order. Any stenographically or electronically recorded testimony regarding PHI is subject to the same restrictions as the documents themselves. Before such disclosure, counsel shall also obtain from each person reviewing the PHI an affidavit in the form affixed hereto as Exhibit A, and shall provide, immediately after its execution, a copy of such completed affidavit to the party designating such materials Confidential.

8.  To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any PHI and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number; drug and alcohol diagnosis and treatment).

9.  This Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd–2 and 42 C.F.R., Part 2. Nothing in this Order should be construed to prohibit the parties from seeking an order in the future concerning the production of substance abuse records which would be covered by 42 U.S.C. § 290dd–2 and 42 C.F.R., Part 2 if such records exist and if the parties can satisfy the requirements of the statute and regulations.

10. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of confidentiality will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information as confidential. Any party that receives any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents, the receiving party shall return the information or documents to the producing party with five (5) days, regardless of whether the receiving party agrees with the claim of confidentiality. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Qualified Protective Order.

11. By this Qualified Protective Order pursuant to HIPAA, the discovering party does not waive its right to make application to the Court, with proper notice, under the procedure set out by the Court or under applicable rules, to the responding party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Qualified Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Qualified Protective Order, or concerning any other matter relating to the application of this order, the Parties shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under

Fed.R.Civ.P. 26(c).

12.     Nothing in this Qualified Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

13.     This Qualified Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

14.     No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained from the Court.

**IT IS SO ORDERED**.

**DATED: October 14, 2025**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**